**FILED**

JAMES J. WALDRON, CLERK

**October 31, 2016**

United States Bankruptcy Court
Newark, NJ

By:  /s/ Juan Filgueiras, Deputy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>MAC TRUONG,<br><br>                              Debtor. | Case No.:       16-19929  VFP<br><br><br>Chapter    7 |
| MAC TRUONG,<br>                              Plaintiff,<br><br>V.<br><br><br>325 BROADWAY ASSOCIATES LLC, ALEXIS<br>FELDMAN and DAVID A. KAMINSKY, ESQ.,<br>                              Defendants. | Adv. Pro. No.:   16-1380 VFP |

## OPINION

**APPEARANCES**

MAC TRUONG
Debtor-Plaintiff *Pro Se*
63 Van Reopen Street
Jersey City, NJ  07306

CHARLES M. FORMAN, ESQ.
Trustee
LeClair Ryan
One Riverfront Plaza
1037 Raymond Boulevard
Newark, NJ  07102

DAVID A. KAMINSKY, ESQ.
Attorney for Defendants
David A. Kaminsky Associates, PC
325 Broadway, Suite 504
New York, NY  10007

R. KENNETH BARNARD, ESQ.
Chapter 7 Trustee for the Estate of
   Rosemary Ida Mergenthaler
3305 Jerusalem Avenue
Wantagh, NY  11793

**VINCENT F. PAPALIA, Bankruptcy Judge**

## I.    INTRODUCTION

These matters are before the Court on two motions filed by the Debtor.  The first is for

partial reconsideration of this Court's August 30, 2016 Opinion and Order as they relate to the

Debtor's former interest in a certain commercial tenancy at 325 Broadway, Suite 200, New York,

New York (the "Property") and the dismissal of this adversary proceeding (16-1380) (Dkt. No. 23)

(the "Reconsideration Motion").  The second is for a "declaration" that Defendants 325 Broadway

Associates LLC (the "Landlord"), Alexis Feldman, David Kaminsky, Esq. (collectively, the

"Defendants") may not evict the Debtor from the Property without obtaining a stay relief Order

from this Court (Dkt. No. 15) (the "2nd Stay Motion").[1]

The Defendants have filed a single response to both motions (Dkt. No. 24).  Debtor filed a

reply directed to the Reconsideration Motion (Dkt. No. 25).  For the reasons set forth below, the

Court denies both motions, reaffirms the dismissal of the adversary proceeding and bars the Debtor

from filing in this Court any further motion for reconsideration (or similar relief) or any further

application related in any way to the eviction proceedings with reference to the Property known as

325 Broadway, Suite 200, New York, New York, unless he first obtains leave from this Court as

set forth below.

## II.    JURISDICTIONAL STATEMENT

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) (except as set forth

below as to the underlying landlord-tenant action) and the Standing Orders of Reference entered

by the United States District Court on July 10, 1984 and amended on October 17, 2013.  This is a

---

[1] The Court identifies this application as the "2nd Stay Motion" to distinguish it from the "1st Stay Motion" at Dkt.
No. 5 which is the subject of the August 30, 2016 Opinion (Dkt. No. 18).  Nevertheless, except for events caused by
the passage of time, the 1st and 2nd Stay Motions and the relief they requested are virtually identical, which is a
fundamental reason for denial of Debtor's Motions.

core proceeding under 28 U.S.C. § 157(b) (2) (A) and (O) (except as set forth below as to the

underlying landlord-tenant action). Venue is proper in this Court under 28 U.S.C. § 1408. The

Court issues the following findings of fact and conclusions of law pursuant to FED. R. BANKR. P.

7052. To the extent that any of the findings of fact might constitute conclusions of law, they are

adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact,

they are adopted as such.

### III.    STATEMENT OF FACTS

Because these motions involve many of the same (or identical) matters that were at issue

in the applications which generated the August 30, 2016 Opinion of this Court, this Statement of

Facts incorporates by reference the facts set forth in the August 30, 2016 Opinion (Dkt. No. 18).

In both motions presently before the Court, the Debtor avers additional facts arising from the New

York State Court proceedings, including some events that occurred after the August 16, 2016

hearing which generated the August 30, 2016 Opinion and Order, and also references prior

proceedings in other courts over a period of many years. To the extent relevant to this Court's

decision, these additional facts are referenced as needed below.

### IV.    ARGUMENTS OF PARTIES

#### A.    The Reconsideration Motion

The Reconsideration Motion asks this Court to reconsider its August 30, 2016 Opinion and

Order to the extent that they: (1) denied Debtor's application for an injunction to stay his eviction

under a New York State Court proceeding from the leased premises at 325 Broadway, Suite 200,

New York, New York; and (2) dismissed the adversary proceeding underlying that application

(Adv. Pro. No. 16-1380 (VFP)). The Motion does not seek reconsideration of those parts of the

Order and Opinion authorizing the Trustee to abandon the New York (Water Mill) Property.

Debtor argues that:

(1) The *subtenancy* at 325 Broadway, Suite 200, had not expired and remained an

asset of the bankruptcy estate (Dkt. No. 23-1, Debtor's Cert., ¶¶ 10-11). Debtor

admits that the Landlord did not authorize the subtenancy, but states that the

Landlord knew of it (Dkt. No. 23-1, Debtor's Cert., ¶ 22). Debtor bases the

Reconsideration Motion primarily on his assertion that the subtenancy was not

disclosed during the initial New York eviction proceedings. Debtor asserts that

the sublease allegedly has an existence independent from the expired lease and is

therefore an asset of the estate (Dkt. No. 23-1, Debtor's Cert., ¶ 23);

(2) the subtenancy was never disclosed to or discussed with Judge Erika Edwards in

State Court, and her purported ignorance of that issue in entering her May 31,

2016 Order requires the Bankruptcy Court to reconsider its decisions (Dkt. No.

23-1, Debtor's Cert., ¶¶ 26-33);[2] and

(3) Defendant Kaminsky and Judge Schoenfeld of the New York State Court

Appellate Term conspired to forge an Order entered on August 22, 2016 to lift

the stay of execution of the eviction (Dkt. No. 23-1, Debtor's Cert., ¶ 38).

Debtor cites no law for the proposition that a sublease -- particularly one that is not authorized

pursuant to the underlying lease -- has an existence independent of the underlying expired lease.

As set forth below, this Court in its August 30, 2016 Opinion and Order already determined that

any interest which the Debtor may have had in a tenancy *or* sublease with respect to the Property

expired prepetition and was not property of the estate. As such, Debtor's arguments at (1) and (2)

were already disposed of and are not a basis for reconsideration. Debtor's argument at (3) involves

events which occurred after the August 16, 2016 return date of the Motion(s) which generated the

August 30, 2016 Opinion and Order and provide no basis for reconsideration in the

---

[2] Debtor "admits" that Defendant Kaminsky did disclose the existence of the sublease and Debtor's income derived from it at the July 7, 2016 hearing (Dkt. No. 23-1, Debtor's Cert., ¶¶ 34-35).

Reconsideration Motion.  In particular, there is no factual support for Debtor's claim of a conspiracy or the forging of an Order of the New York Appellate Term.

The Reconsideration Motion also refers to various actions which occurred in New York State Court on and after the August 30, 2016 entry of this Court's Opinion and Order (Dkt. No. 23-1, Debtor's Cert., ¶¶ 48-54) and matters disposed of by other Courts from approximately 2000 through 2012 (Dkt. No. 23-1, Debtor's Cert., ¶¶ 55-73).  It appears from Debtor's closing at paragraph 74 that he hopes to lay his accumulated past grievances before this Court for a rehearing (Dkt. 23-1, ¶ 74).  Under the *Rooker-Feldman* doctrine and/or the 28 U.S.C. § 1334(c) abstention doctrine, none of those issues is properly before this Court.  Nor does this Court have subject matter jurisdiction over the proceedings involving all those other courts that took place over a period of many years.  This lack of jurisdiction applies with particular force to the Debtor's claim that the Landlord's attorney and a Judge of New York's Appellate Term "conspired to forge an Order" entered by that Court on August 22, 2016.  Besides that conclusory statement, no evidence of any "forgery" is provided.  Thus, this is not a proper basis for reconsideration.

The Defendants describe certain events which occurred in New York State Court after the August 16, 2016 return date of the Debtor's original motions as they relate to some of Debtor's allegations.  After the Appellate Term declined on August 12, 2016 to stay the Warrant of Eviction, the Debtor obtained an August 18, 2016 Order to Show Cause from the Civil Court of the City of New York, returnable on August 29, 2016, to again try to stay the Warrant of Eviction scheduled to be executed on August 23, 2016 (Dkt. No. 24, Def. Br., ¶ 7 and Ex. B).

On August 19, 2016, Defendants applied to the Appellate Term to vacate the Order to Show Cause on an *ex parte* basis, and the Court granted Defendants that relief on August 22, 2016 (Dkt. No. 24, Def. Br., ¶¶ 8-9 and Exs. C and D).  Defendants acknowledge that they obtained *ex parte* the August 22, 2016 Order vacating the Debtor's Order to Show Cause (Dkt. No. 24, Def. Br., ¶ 8 and Ex. D, August 22, 2016 Order) (the "August 22, 2016 Order").  The *ex parte* August 22, 2016

Order is presumably the "forged Order" to which the Debtor alludes in his motion (Dkt. No. 23-1, Debtor's Cert., ¶ 38). Defendants served the Debtor with the August 22, 2016 Order in Court on August 29, 2016 after several prior attempts to do so were not successful. (Debtor evidently appeared for the return date of his Order to Show Cause which had already been vacated by the August 22, 2016 Order) (Dkt. No. 24, Def. Br., ¶ 11 and Exs. E and F). Defendants further report that Judge Cannataro of the City Court of the City of New York declared that he would sanction Debtor's landlord-tenant attorney for frivolous litigation if he filed another motion for similar relief in the case (Dkt. No. 24, Def. Br., ¶ 12). On August 30, 2016, the Defendants executed the Warrant of Eviction (Dkt. No. 24, Def. Br., ¶ 13). Debtor filed his Reconsideration Motion on September 12, 2016 (Dkt. No. 23).

## B.   **The 2nd Stay Motion**

The 2nd Stay Motion filed with this Court on August 17, 2016 challenges the August 12, 2016 Order of the Appellate Term of the New York Supreme Court denying Debtor's application to vacate the Warrant of Eviction issued in the Civil Court of the City of New York (the "August 12, 2016 Order") as well, and seeks essentially the same relief that was denied by this Court on the 1st Stay Motion for the reasons set forth in the August 30, 2016 Opinion. As noted above and set forth in more detail below, there is no basis for reconsideration of this Court's August 30, 2016 Order and Opinion. Further, in any event, this Court has no subject matter jurisdiction over the ongoing state court proceedings and is barred by the *Rooker-Feldman* doctrine and/or by the doctrines of abstention under 28 U.S.C. § 1334(c) from reviewing the August 12, 2016 or April 22, 2016 Orders entered by the Appellate Term of the New York Supreme Court.

## V.   <u>**STANDARDS OF LAW ON MOTIONS FOR RECONSIDERATION**</u>

The recent revision of D.N.J. LBR deleted reference to motion for reconsideration at D.N.J. LBR 9013-1. Litigants apply for the relief which the Debtor seeks under either:

(1) FED. R. BANKR. P. 9023 (New Trials; Amendment of Judgments) which incorporates FED. R. CIV. P. 59 with relevant additions; or

(2) FED. R. BANKR. P. 9024 (Relief from Judgment or Order) which fully incorporates FED. R. CIV. P. 60 (with modifications not relevant here).

If the Debtor fails to identify under which post-judgment rule he is moving, "the characterization is left to the court with the risk that the moving party may lose the opportunity to present the merits underlying the motion to an appellate court." *In re Barger*, 219 B.R. 238, 244 (B.A.P. 8th Cir. 1998).[3]

FED. R. CIV. P. 59 states in relevant part:

(a) In General.

(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows: . . .

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

FED. R. CIV. P. 59.  The time for filing such an application in Bankruptcy Court is fourteen days after entry of judgment.  FED. R. BANKR. P. 9023. The grounds developed in case law for amending a judgment under FED. R. CIV. P. 59 are:

(1) "to correct manifest errors of law or fact";

(2) to "present newly discovered or previously unavailable evidence";

(3) "to prevent manifest injustice"; or

(4) to reflect "an intervening change in controlling law."

*In re Arden Props., Inc.*, 248 B.R. 164, 168 (Bankr. D. Ariz. 2000) (internal citations omitted).  "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from

---

[3] The Court in *In re Barger* explained that a Rule 59 application "render[s] the underlying judgment non-final" whereas a Rule 60(b) motion does not.  *In re Barger*, 219 B.R. at 245-46, ultimately citing *Stone v. INS*, 514 U.S. 386, 402-403 (1995).  This Court will consider the Debtor's motion under both standards, which lead to the same result.

dissatisfied litigants." *In re Midway Airlines, Inc.*, 180 B.R. 1009, 1012 (Bankr. N.D. Ill. 1995)

(internal citations omitted).   To determine whether evidence presented as "newly discovered"

warrants reopening a judgment, the Court considers the following conjunctive factors:

> (1) the newly discovered evidence must have been discovered after judgment, and the movant must have been excusably ignorant of the facts at the time of trial despite due diligence to learn about the facts of the case;

> (2) the evidence discovered *must be of a nature that would probably change the outcome of the case*; and

> (3) the evidence must not be merely cumulative or impeaching.

*In re Corvino*, 241 B.R. 673, 679 (Bankr. D. Idaho 1999) (quoted, internal citations omitted)

(emphasis supplied).   None of these grounds is satisfied here, as is set forth in more detail below.

> Under Rule 60(b), the grounds for relief are:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>> (1)    mistake, inadvertence, surprise, or excusable neglect;

>> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>> (4)    the judgment is void;

>> (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated;   or   applying   it   prospectively   is   no   longer equitable; or

>> (6)    any other reason that justifies relief.

FED. R. CIV. P. 60(b).   Such a motion must be filed within a "reasonable time" after entry of the

Order, and in the case of an action under Rule 60(b)(1), (2) or (3), no more than one year after

entry of the prior Order. FED. R. CIV. P. 60(c)(1). Under neither standard, as set forth below, has

the Debtor raised a basis for reconsideration of the August 30, 2016 Opinion and Order.

## VI.    CONCLUSIONS OF LAW

### A.  Debtor Has Not Raised a Basis for Reconsideration Under FED. R. BANKR. P. 9023 or 9024.

Debtor has raised no issues of fact or law, under FED. R. BANKR. P. 9023 or 9024, to warrant

reconsideration of the August 30, 2016 Opinion and Order as they affect the Property, 325

Broadway, Suite 200, New York, New York. To the extent that the Debtor attempts to raise the

subtenancy as a "new" factual and/or legal issue which warrants reconsideration, the subtenancy

was fully disclosed and addressed in the Opinion. There, this Court held that the subtenancy was

an interest that terminated prepetition when the underlying lease terminated, and was therefore not

subject to the automatic stay under § 362(b)(10) or considered property of the estate under

§ 541(b)(2) (Dkt. No. 18, Op. at 3-6, 11-13). The Opinion also acknowledged, addressed and

rejected Debtor's argument in the 2nd Stay Motion (filed during the drafting of the Opinion) that

the Bankruptcy Court should separately stay the New York State Court Orders to the extent that

they prevented the Debtor from collecting rent from his illegal subtenant (Dkt. No. 18, Op. at 5,

n.2; and 13, n.4, acknowledging the 2nd Stay Motion).

### B.  Neither Debtor Nor the Bankruptcy Estate Had An Interest In 325 Broadway, Suite 200, New York, New York on the May 23, 2016 Petition Date.

As noted, this Court already addressed and rejected Debtor's argument that his wrongful

(and now terminated) interest in the sublease and the rents therefrom constitute property of the

estate or are subject to the automatic stay. There is no reason given to reconsider that opinion, nor

is there any legal basis to do so. *See, e.g., Am. Realty Co. v. 64B Venture*, 574 N.Y.S.2d 344, 345

(N.Y. App. Div. 1991) ("[T]ermination of the primary lease likewise terminates the sublease").

In the 2nd Stay Motion, the Debtor argues that the sublease, terminated prepetition, is a valuable, income-producing asset of the estate and should be subject to the stay (Dkt. No. 15-1, Debtor Cert., ¶¶ 16, 36, 47).  In the Reconsideration Motion (filed on September 12, 2016 after the filing of the Opinion), the Debtor expands on these already refuted assertions to argue:  (1) that the sublease can survive the termination of the lease; and (2) that the sublease was never part of the lease because the Debtor entered into it illegally (Dkt. No. 15-1, Debtor Cert., ¶¶ 10-11, 31). The notion that a sublease has an existence independent of the primary lease is incorrect as a matter of law.  "A subtenant's rights are measured by those of his immediate landlord, the sublessor, and by its own terms the cancellation of the lease as to one cancels it as to both."  *World of Food v. N.Y. World's Fair 1964-1965 Corp.*, 254 N.Y.S. 2d 658, 662 (N.Y. App. Div. 1964) (internal citations omitted); *Am. Realty Co. v. 64B Venture*, 574 N.Y.S. 2d at 345  ("[T]ermination of the primary lease likewise terminates the sublease").

This Court previously rejected on legal and equitable grounds the premise that the Debtor retained a protectable interest in the sublease because: (i) the underlying lease was terminated prepetition; (ii) the sublease was in violation of the underlying lease; and (iii) the Debtor retained the rents under the sublease, also in violation of the lease (Dkt. No. 18, Op. at 11, 13, n.4).  Here, the Court will quote its own Opinion to reaffirm its prior holding and further demonstrate that the Debtor has not set forth any grounds for reconsideration:

> Certainly, the asserted (and wrongful) possessory interest of the debtor in a terminated lease such as this one includes "any interest of the debtor" as a holdover tenant.  *The same holds true as to the Debtor's claimed interest to collect rents from a subtenant in violation of the Lease.*

(Dkt. No. 18, Op. at 11) (emphasis supplied).

**C.  Relief From the August 12, 2016 New York Appellate Term Order Requested Under the "2nd Stay Motion" is Barred by the *Rooker-Feldman* Doctrine.**

Debtor's 2nd Stay Motion filed on August 17, 2016 (the day before he obtained his August 18, 2016 Order to Show Cause from the Civil Court) is addressed to the August 12, 2016 Order of the Appellate Term which denied his application to stay the July 18, 2016 Warrant of Eviction (Dkt. No. 15-1, Debtor's Cert., ¶¶ 1-6).  Although Debtor styles this motion as seeking a "declaration" that the Defendants must seek stay relief in order to evict the Debtor, the content of this August 17, 2016 2nd Stay Motion asks this Bankruptcy Court to find the August 12, 2016 Order invalid *under New York State Law* (Dkt. No. 15-1, Debtor's Cert. at 10-11,  ¶¶ 28-50).

As set forth in the August 30, 2016 Opinion in a companion section:

> The *Rooker-Feldman* doctrine prevents a federal trial court from exercising appellate jurisdiction over a state court judgment.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  "[T]he *Rooker-Feldman* doctrine divests a lower federal court of subject matter jurisdiction of an action if the relief requested would effectively reverse a state court decision or void its ruling."  *In re Sabertooth*, 443 B.R. 671, 679 (Bankr. E.D. Pa. 2011), *aff'd, In re Green Goblin, Inc.*, 2014 WL 5800601 (E.D. Pa. Nov. 16, 2014).  The Third Circuit criteria for applying the *Rooker-Feldman* doctrine are:
>
>   (1) the federal plaintiff lost in state court;
>   (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
>   (3) those judgments were rendered before the federal suit was filed;
>   (4) the plaintiff is inviting the district court to review and reject the state judgments.
>
> *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoted, internal citations omitted), *cert. denied*, 563 U.S. 904 (2011).

(Dkt. No. 18, Op. at 18).  The *Rooker-Feldman* doctrine prevents this Court from reviewing the August 12, 2016 Order of the New York Court(s).  *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 284 (2005).  To the extent that the Debtor seeks a "declaration" that the August 12, 2016 Order (or any subsequent Order) violated the stay, this Court already addressed and denied that argument in the August 30, 2016 Opinion which established that the Debtor, as of the May 23, 2016 petition date, had no interest protected by the stay under 11 U.S.C. § 362(a) in the Property

11

at 325 Broadway, Suite 200, New York, New York (Dkt. No. 18, Op. at 3-14).  This Court

reiterates that the automatic stay under 11 U.S.C. § 362(a) applies to no aspect of the Defendants'

New York State Court eviction proceedings, the sublease, or any rents therefrom, which are not

property of the estate (Dkt. No. 18, August 30, 2016 Op. at 13-14).[4]

Even if the *Rooker-Feldman* doctrine did not apply to New York State Court Orders

entered postpetition, this Court abstains from exercising subject matter jurisdiction over them

pursuant to 28 U.S.C. § 1334(c)(1) and (2).  The doctrine of permissive abstention is set forth at

28 U.S.C. § 1334(c)(1):

> (c)(1) Except with respect to a case under chapter 15 of title 11,
> nothing in this section prevents a district court in the interest of
> justice, or in the interest of comity with State courts or respect for
> State law, from abstaining from hearing a particular proceeding
> arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).  Permissive abstention compels the Court to consider the following factors:

(1)    the effect or lack thereof on the efficient administration of the
       estate if a Court recommends abstention,
(2)    the extent to which state law issues predominate over bankruptcy
       issues,
(3)    the difficulty or unsettled nature of the applicable state law,
(4)    the presence of a related proceeding commenced in state court or
       other non-bankruptcy court,
(5)    the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
(6)    the degree of relatedness or remoteness of the proceeding to the
       main bankruptcy case,
(7)    the substance rather than form of an asserted "core" proceeding,
(8)    the feasibility of severing state law claims from core bankruptcy
       matters to allow judgments to be entered in state court with
       enforcement left to the bankruptcy court,
(9)    the burden of [the court's] docket,
(10)   the likelihood that the commencement of the proceeding in a
       bankruptcy court involved forum shopping by one of the parties,
(11)   the existence of a right to a jury trial, and
(12)   the presence in a proceeding of non-debtor parties.

---

[4] Except, as Judge Edwards found in her May 31, 2016 Opinion and Order and as this Court agreed, the stay would
apply to any effort of the Defendants to collect rent or money damages (Dkt. No. 18, August 30, 2016 Op. at 8,
13-14.

*Bricker v. Martin*, 348 B.R. 28, 34 (W.D. Pa. 2006) *aff'd*, 265 F. App'x. 141 (3d Cir. 2008)

(internal citations omitted).

The doctrine of mandatory abstention is set forth at 28 U.S.C. § 1334(c)(2):

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  Mandatory abstention compels the Court to find the following factors:

(1) a timely motion for abstention is made by a party in the proceeding;

(2) the proceeding is based upon a state law claim or state law cause of action;

(3) the proceeding is related to a case under title 11;

(4) the proceeding does not arise under title 11;

(5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and

(6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. 111, 121 (Bankr. D.N.J. 2003) (quoted). Although mandatory abstention under 11 U.S.C. § 1334(c)(2) requires a motion by a party and may not be granted *sua sponte* by the Court (*Bricker v. Martin*, 348 B.R. at 33), "[n]othing . . . prevents a court from permissively abstaining under § 1334(c)(1) where some, but not all, of the requirements for mandatory abstention are met."  *In re Gober*, 100 F.3d 1195, 1206-07 (5th Cir. 1996).

The matter underlying the Debtor's 2nd Stay Motion and the Reconsideration Motion -- the Debtor's request that the Bankruptcy Court interfere with and reverse New York State Court eviction proceedings regarding a lease and sublease which terminated prepetition and are not assets

of the Debtor or of the bankruptcy estate -- meets virtually every criterion for mandatory abstention under 28 U.S.C. § 1334(c)(2):

First, the proceeding is based on a state law claim or cause of action. The underlying matter is a New York State Court eviction proceeding which the Defendants commenced prepetition on or about April 1, 2016 (Dkt. No. 18, Op. at 4). The eviction proceeding has generated numerous State Court Orders, an Opinion and at least two applications to the Appellate Term and culminated on August 30, 2016 with the execution of the Warrant of Eviction (Dkt. No. 24, Def. Br., ¶ 13). Debtor's argument that the Landlord's attorney and a Judge of New York's Appellate Term somehow conspired to forge an Order of the Appellate Term, besides being without factual support, also demonstrates how the issues being raised by Debtor are based on state law and proceedings.

Second, the proceeding is, at most, related to a case under title 11. This Court has already determined that the lease, the sublease and the rents therefrom are not property of the estate. This Court does not have subject matter jurisdiction over that non-estate property, so the eviction proceedings are not related to this case. *Nuveen Mun. Trust v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) (revisiting the "conceivably any effect" standard of *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) after intervening adjustments).

Third, the proceeding does not arise under title 11. "Arising under" subject matter refers to causes of action which are created by the Bankruptcy Code. *In re Menk*, 241 B.R. 896, 904 (B.A.P. 9th Cir. 1999). The eviction proceedings before the New York State Courts certainly arise under state law independently of the Bankruptcy Code. Thus, those proceedings do not "arise under" the Bankruptcy Code.

Fourth, the eviction could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334. The 2nd Stay Motion was a barely concealed attempt to challenge in the Bankruptcy Court the substance and effect of the eviction proceedings. As indicated above and as

14

already demonstrated in the August 30, 2016 Opinion, the automatic stay never applied to the eviction proceedings and they did not involve property of the estate.[5]

Fifth, an action has been commenced, and is being timely adjudicated, in a state forum of appropriate jurisdiction:  the New York State Courts.

For these reasons, which would require mandatory abstention but for the absence of a motion by a party in interest, the Court permissively abstains under 28 U.S.C. § 1334(c)(1) from hearing any application from the Debtor based on the New York State Court landlord-tenant action.

Considering the permissive abstention factors separately, the Court would also permissively abstain under 28 U.S.C. § 1334(c)(1) from hearing any application from the Debtor based on the New York State Court landlord-tenant action:

(1)    Efficient administration is fostered by keeping the landlord-tenant issue out of bankruptcy court and confined to State Court where it belongs;

(2)    New York State legal issues predominate in the landlord-tenant action;

(3)    New York State law on the subject is settled;

(4)    The landlord-tenant case was commenced prepetition and properly prosecuted to eviction during the pendency of the bankruptcy case;

(5)    There was no jurisdictional basis for this Court to address the landlord-tenant matter, as neither Debtor nor estate had an interest in the Property at the commencement of the bankruptcy case;

(6)    The landlord-tenant issue is remote from the bankruptcy case;

(7)    The landlord-tenant issue was a non-core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

(8)    The landlord-tenant claims were entirely severable from the bankruptcy case;

(9)    With respect to the landlord-tenant claims, the commencement of the bankruptcy case by the Debtor looks *entirely* like forum shopping;

(10)    The Debtor has demanded a jury trial which is not properly conducted before this Court (Dkt. No. 15, 2nd Stay Motion; Dkt. No. 23, Reconsideration Motion, cover pages);

---

[5] Except to the extent that it stayed collection of rents or damages from the Debtor (Dkt. No. 18, Op. at 5, 14).

(11)    The Defendants are non-debtor parties.

*Bricker v. Martin*, 348 B.R. at 34.  The Bankruptcy Court would therefore also permissively abstain under 28 U.S.C. § 1334(c)(1) from entertaining any claims concerning the landlord-tenant matter under these criteria.

### VII.    CONCLUSION

For the forgoing reasons, the Debtor's 2nd Stay Motion (Dkt. No. 15) and Reconsideration Motion (Dkt. No. 23) are denied with prejudice; and the Debtor is barred from bringing any further application, motion or adversary proceeding that: (1) seeks reconsideration for similar relief with respect to this Court's Orders; or (2) is related in any way to his eviction from the Property 325 Broadway, Suite 200, New York, New York,  without first submitting to this Court, with copies to all parties-in-interest, a short letter summarizing the relief sought and obtaining this Court's written permission to file any such application, motion or adversary proceeding.  Any party-in-interest shall have the right to object to such requests.

An implementing Order is simultaneously being entered.

Dated:  October 31, 2016                                  /s/Vincent F. Papalia
                                                            VINCENT F. PAPALIA
                                                            United States Bankruptcy Judge